IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY RODRIGUEZ | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3:06-CV-965-G |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636 (b), implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

Pending before this Court is a *pro se* motion filed by Petitioner on July 19, 2007, stating his desire to dismiss his federal habeas case, along with any further appeals, of his conviction for capital murder and his death sentence. This is the second *pro se* motion to dismiss Petitioner has filed with the Court, and Petitioner has also sent numerous letters to the Court advising the Court of his wish to waive all further appeals of his conviction and sentence. On July 2, 2007, this Court issued an order appointing a mental health expert, Dr. Mary Alice Conroy, a board-certified forensic psychologist, who had been agreed to by the parties and had indicated a willingness to be appointed by the Court.

1

This Court ordered Dr. Conroy to examine Petitioner and to submit a report to this Court regarding Petitioner's competency to waive his appeals within thirty days. Dr. Conroy interviewed Petitioner on July 13, 2007, and filed a report based on this evaluation with the Court on July 16, 2007.

An evidentiary hearing was held by this Court on August 22, 2007, in order to hear evidence on the issue of Petitioner's competency to waive his appeals and in order to ascertain whether Petitioner's waiver would be knowing and voluntary. At this hearing, the Court heard sworn testimony from Dr. Conroy and Petitioner and heard arguments from Petitioner's federal habeas counsel and Respondent.

Dr. Conroy testified at the hearing that, in her professional opinion, based upon her interview of Petitioner, her examination of his TDCJ medical records, the federal habeas petition filed by counsel on June 19, 2007, and testimony given at his state trial by Petitioner's mother and aunt, Petitioner is competent to waive his right to pursue federal habeas relief. In particular, Dr. Conroy testified that Petitioner does not suffer from a mental disease or defect and that Petitioner understands his legal position and the options available to him and is capable of making a rational choice to waive any further appeals of his conviction and sentence. *See Rees v. Peyton*, 384 U.S. 312 (1966). Dr. Conroy testified that Petitioner explained to her that he wished to waive any further appeals because he had had a religious conversion while on Death Row, and that he had to accept his death sentence and submit to it as payment in order to be forgiven and obtain salvation.

Petitioner testified that it is his wish to dismiss his federal petition and to waive any further appeals of his capital murder conviction and death sentence. Petitioner testified that he understands that he has the right to file a federal writ of habeas corpus and that he has a right to appointed counsel. He further testified that he is a college graduate, and that he understands that if the Court grants his

motion to waive his rights and dismisses his petition, an execution date would be set for him and he would be executed. Petitioner also testified that he understands that, should he for some reason change his mind, he would in all likelihood be time-barred from filing another federal petition under the AEDPA guidelines. Finally, Petitioner testified that his decision was not a result of threats or promises, that he did not suffer from a mental disease or defect, that he was not under the influence of any drug or alcohol, and that he was making this decision because he was remorseful for the crimes he had committed. He testified that he believed justice would be served by his execution, and that he could then enter heaven after his death.

Petitioner's federal habeas attorney argues that Petitioner should not be considered competent to waive any further appeals of his conviction and sentence because he has changed his mind on this issue in the past, and because Petitioner's TDCJ records indicate that he has been prescribed medication for bipolar disorder and for seizures during his incarceration. Counsel also contends that it is against public policy to allow Petitioner to waive his appeals because the applicable federal statute does not provide for such waiver. He argues the case should no longer be considered as Petitioner's alone due to the seriousness of the issues raised, and because the State should not assist Petitioner to, in effect, commit suicide.

With regard to a past instance where Petitioner changed his mind about waiving further appeals of his conviction and sentence, Petitioner clearly and articulately explained to this Court the circumstances surrounding his change of mind. He stated to this Court, under oath, that he understood that a dismissal of his federal petition was in all likelihood an irrevocable decision given the time limitations under federal law. Petitioner is not incompetent to make this decision because he has changed his mind in the past. With regard to Petitioner's TDCJ medical records, Petitioner contends

3

that he does not and has never suffered from bipolar disorder or seizures and that he was prescribed lithium due to a short-term depression he experienced and was prescribed dilantin because he lied to prison officials and told them that he suffered from seizures in order to avoid heavy work. But, even if Petitioner did suffer from these maladies, the evidence before this Court is that Petitioner suffers from no mental disease or defect which prevents him from understanding his position and making a rational choice. Petitioner is not incompetent to waive his appeals based on his TDCJ medical records.

Regarding counsel's public policy arguments, as partial support for these arguments, counsel cites *U.S. Bancorp Mortgage Company v. Bonner Mall Partnership*, 513 U.S. 18 (1994). In that case, after the debtor and creditor in a bankruptcy action entered into a settlement agreement, the creditor requested that the Court of Appeals' decision be vacated. The Supreme Court held that mootness by reason of settlement does not justify the vacatur of a federal civil judgment under review as the losing party, by settling the case, has voluntarily forfeited his legal remedies. *Id*. at 25. Federal habeas counsel, in citing this case, argued at the evidentiary hearing that it supports his claim that a case under federal review cannot be abandoned. This case does not, however, support this argument. Petitioner has requested to waive his appeals, not vacate a judgment already made by a court.

Counsel also contends that Petitioner should not be permitted to waive his statutory right to pursue federal habeas relief because 28 U.S.C. § 2254 does not provide for such a waiver, because the issues involved in this death penalty case are serious and potentially meritorious, and because it would be assisting Petitioner in committing suicide. Contrary to counsel's arguments, both the Supreme Court and the Fifth Circuit have issued cases that both contemplate that a federal habeas petitioner under a sentence of death can waive his appeals and imply that he has right to do so, if he

4

is judged competent to do so and the waiver is a voluntary one. In *Rees v. Peyton*, 384 U.S. 312 (1966), a case involving a federal habeas petitioner under a sentence of death, the Supreme Court set forth the standard for determining that a petitioner is competent to waive his right to file a petition for certiorari. And, in *Mata v. Johnson*, 210 F.3d 324 (5th Cir. 2000), the Fifth Circuit cited the *Rees v. Peyton* standard as the appropriate standard for a district court to use when determining if a federal habeas petition under a death sentence is competent to waive further collateral review of his conviction and sentence. In *Mata*, the Fifth Circuit also held that, when a federal habeas petition has stated a desire to waive any further collateral appeals, a district court meets due process requirements by ordering a mental examination of the petitioner by a qualified expert, allowing the parties to present evidence on the issue of competency, and questioning the petitioner on the record in open court concerning the knowing and voluntary nature of his decision. *Id*. at 328, 330-31. Accordingly, notwithstanding counsel's arguments that public policy should not permit a federal habeas petitioner under a death sentence to waive his right to collateral appeals, higher courts have implicitly recognized Petitioner's right to do so. And, while these cases are pre-AEDPA cases, counsel has presented no argument as to why Petitioner cannot be permitted to waive his statutory rights under the AEDPA, regardless of the extreme finality of the sentence and the seriousness of the issues raised in the petition. In summary, if he is competent to do so and does so in a knowing and voluntary manner, Petitioner has the right under federal case law to determine that he does not wish to pursue any further collateral attacks on his conviction and/or sentence.

Based on the sworn testimony before it, as well as all relevant documents provided by the parties, this Court finds that Petitioner is competent to waive his appeals. In particular, this Court finds that Petitioner does not suffer from any mental disease, disorder, or defect which prevents him

5

from understanding his legal position and the options available to him or prevents him from making a rational choice among those options. Furthermore, based on Petitioner's clear, articulate and unequivocal sworn testimony, this Court finds that Petitioner's waiver of his right to pursue further appeals is a knowing and voluntary one. Petitioner is aware of his legal rights and is aware of his circumstances and the consequences of his waiver. Accordingly, this Court recommends that Petitioner's *pro se* motion to dismiss his federal habeas petition be granted.

SIGNED this 31st day of August, 2007.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE